**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ALLEN RICHARDSON,

Plaintiff,

vs.

T. SILVA, et al.,

Defendants.
_______________________________________/

CASE NO. CV-F-05-1424 FVS LJO

**AMENDED FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION**

**BACKGROUND**

Plaintiff Allen Richardson ("plaintiff") proceeds pro se in this action. The United States District Court, District of Maryland transferred to this Court this action in which plaintiff filed "civil complaints" against five defendants. This Court issued its November 22, 2005 order ("November 22 order") to sever plaintiff's claims against defendants Fresno police officers T. Silva and P. Mark from plaintiff's claims against defendants J. Isquierdo, P. Xiong and R.W. Garrison. Plaintiff's claims against defendants J. Isquierdo, P. Xiong and R.W. Garrison proceed in this Court's case number CV F 05-1456 OWW DLB.

The November 22 order required plaintiff, no later than December 7, 2005, to the pay the $250 filing fee for this action or to submit a fully completed in forma pauperis application to demonstrate he is entitled to proceed without prepayment of fees. This Court issued its December 9, 2005 findings and recommendations to dismiss this action without prejudice on grounds that plaintiff failed to comply with the November 22 order and failed to timely submit the $250 filing fee or an application to proceed without prepayment of fees. On December 12, 2005, plaintiff belatedly filed his application to proceed

without prepayment of fees. This Court overlooks plaintiff's delay to file his application, vacates its December 9, 2005 findings and recommendations, and by separate order, grants plaintiff's application to proceed without prepayment of fees for this action only.

In his complaint in this action, plaintiff attempts to allege claims against defendants Fresno police officers T. Silva and P. Mark (collectively "defendants"). Without specifically identifying defendants, the complaint alleges that on March 21, 2003, "police manufactured evidence and deprived [plaintiff] of his liberty and due process of law. Police used a known informant to entrap citizens for the act of solisitation [sic] of prostitution."

**DISCUSSION**

**Standards For Screening**

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2005) Attacking the Pleadings, para. 9:226.1, pp. 9-65. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490

U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

Plaintiff's complaint against defendants reflects deficiencies to prevent plaintiff from offering evidence to support claims.

**Jurisdictional Deficiencies**

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds

> of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e) Pleading to be Concise and Direct; Consistency.
>
> (1) Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

Here, plaintiff's complaint against defendants fails to allege a basis for this Court's jurisdiction and reveals no grounds to invoke this Court's jurisdiction. Jurisdictional deficiencies prevent this Court to proceed on plaintiff's claims.

**General Deficiencies As To Claims**

F.R.Civ.P. 8(a) requires a short plain statement of plaintiff's claim. The complaint fails to identify adequate grounds for relief against defendants to satisfy F.R.Civ.P. 8(a)(2). The complaint fails to provide defendants fair notice and to state elements of a claim plainly and succinctly. The complaint appears to challenge plaintiff's March 21, 2003 arrest for solicitation of prostitution. The complaint seeks no particular relief. The pleading deficiencies prevent this Court from proceeding on plaintiff's complaint.

**42 U.S.C. § 1983 Deficiencies**

This Court infers that plaintiff attempts to allege claims under 42 U.S.C. 1983 ("section 1983"),

which provides:

> Every person who, under the color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

To state a section 1983 claim, a plaintiff must plead that: (1) defendants acted under color of state law at the time the complained of act was committed; and (2) defendants deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986). The complaint fails to state colorable claims (or any claims for that matter) by plaintiff against defendants. The complaint fails to allege defendants acted under color of state law. The complaint points to no constitutional right of which defendants deprived plaintiff.

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "[a] person 'subjects' another to deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Section 1983 causation is "not to be gauged by the standards of ordinary tort law." *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 755 (5th Cir. 1993) (citing *Martinez v. California*, 444 U.S. 277, 285, 100 S.Ct. 553, 559 (1980)). The "requirement of a causal connection in a § 1983 action often may have the practical effect of imposing a heightened standard of proximate cause." *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1415 (5th Cir. 1995). "Although a section 1983 claim has been described as a 'species of tort liability,' it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285, 100 S.Ct. at 559 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S.Ct. 984, 988 (1976)). The complaint fails to satisfy linking and causation requirements as to defendants and to articulate how defendants deprived plaintiff of constitutional rights and resulting harm.

This Court construes the complaint to attempt to allege that plaintiff was convicted due to

manufacture of evidence or entrapment. In *Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S.Ct. 2364 (1994), the U.S. Supreme Court addressed section 1983 claims arising from an underlying conviction which was not overturned:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. section 2254 [28 USCS section 2254]. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under section 1983. (Italics in original.)

The complaint fails to allege plaintiff's conviction has been reversed or called into question. There is no showing plaintiff either appealed the conviction or petitioned for writ of habeas corpus. There is neither a showing nor an attempt to show the conviction is improper. Accordingly, the complaint lacks essential elements for a section 1983 claim.

**<u>Limitations Defense</u>**

A statute of limitation defense is available to defendants. According to the complaint, the alleged wrongdoing occurred on March 21, 2003. Plaintiff originally filed his complaint on October 31, 2005 with the United States District Court, District of Maryland, and more than two years after purported wrongs. Federal civil rights statutes have no independent limitations period. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000); *Abreu v. Ramirez*, 284 F.Supp.2d 1250, 1257 (C.D. Cal. 2003). The applicable limitations period is determined by borrowing the forum state's limitations period for personal injuries. *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257.

On January 1, 2003, California Code of Civil Procedure section 335.1 ("section 335.1")[1] took effect to extend the prior limitations period for personal injury actions (and correspondingly to federal civil rights claims, *see Wilson v. Garcia*, 471 U.S. 261, 271-272, 105 S.Ct. 1938 (1985); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir. 1990)) from one year under California Code of Civil Procedure section 340(3) ("section 340(3)") to two years. *Abreu*, 284 F.Supp.2d at 1255; *see* Cal. Senate Bill 688 (Burton), Stats. 2002,

---

[1] Section 335.1 provides: "Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."

ch. 448, §3.

Federal law determines when a civil rights claim accrues. *Johnson*, 207 F.3d at 653; *Elliot v. City of Union City*, 25 F.3d 800, 801-802 (9th Cir. 1994); *Abreu*, 284 F.Supp.2d at 1257. Under federal law, a claim accrues when the plaintiff knows, or should have known, of the factual basis underlying his/her cause of action. *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257. Just as state law determines the applicable limitations period, state law also determines the applicability of tolling doctrines in civil rights actions when applicability is not inconsistent with federal law. *Hardin v. Straub*, 490 U.S. 536, 109 S.Ct. 1998 (1989); *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257.

Plaintiff's claims against defendants are time barred in that they arose on March 21, 2003, more than two years prior to plaintiff's October 31, 2005 filing of his complaint. The complaint suggests that more than two years prior to its filing, plaintiff knew or should have known of the factual basis for his claims. Plaintiff's failure to satisfy the two-year limitations period warrants dismissal of his complaint without an attempt at amendment.

**Malice**

This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to vex defendants. Such attempt provides further grounds to dismiss plaintiff's complaint.

**CONCLUSION AND RECOMMENDATION**

Accordingly, this Court RECOMMENDS to DISMISS this action without prejudice on grounds the complaint fails to satisfy pleading requirements, fails to state viable claims against defendants, and an attempt at amendment is unwarranted based on the complaint's deficiencies, the limitations defense and plaintiff's apparent attempt to vex defendants.

This Court VACATES its December 9, 2005 findings and recommendations in that plaintiff belatedly filed an application to proceed without prepayment of fees.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72-304. No later than January 11, 2006, plaintiff may file written objections with the Court and serve a copy on the magistrate judge in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations." The district judge will then review the magistrate judge's ruling pursuant to 28 U.S.C. § 636(b). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**Plaintiff is admonished not to attempt to file an amended complaint as plaintiff's recourse is to object to these findings and recommendations. Plaintiff is further admonished this Court will strike any papers to attempt to file an amended complaint unless this Court specifically grants plaintiff permission to file an amended complaint.**

IT IS SO ORDERED.

**Dated: December 20, 2005** **/s/ Lawrence J. O'Neill**
66h44d UNITED STATES MAGISTRATE JUDGE